In re EARLE.

(Circuit Court, E. D. Pennsylvania. May 23, 1899.)

INSOLVENT NATIONAL BANKS—COMPOUNDING BAD OR DOUBTFUL DEBTS—JUDGMENTS AGAINST STOCKHOLDERS.

A judgment recovered by the receiver of an insolvent national bank against a stockholder on an assessment made by the comptroller, although uncollectible, is not a "bad or doubtful debt," which a court may authorize the receiver to compound, under Rev. St. § 5234.

This was a petition by George H. Earle, Jr., as receiver of the Chesnut Street National Bank of Philadelphia, alleging that the petitioner brought two several suits against Charles Stevenson and Samuel Filbert, respectively, to recover assessments ordered by the comptroller against said defendants as stockholders in said insolvent bank; that he recovered judgment in each of said suits, on which execution had been issued and returned nulla bona; that, as petitioner was informed and believed, neither of said defendants possessed property out of which such judgments could be collected; that the wife of said Stevenson and a brother of said Filbert had each offered a certain sum for the purpose of compounding and obtaining the discharge of said judgments, which offers, in the opinion of the petitioner, it was to the interest of his trust to accept. He alleged that in pursuance of written instructions from the comptroller, which were set out, he filed the petition, praying the court to authorize the compounding of said judgments.

Asa W. Waters and W. H. Addicks, counsel for the petitioner, submitted a brief in support of the petition, in which they stated the grounds relied on as bringing the application within the provisions of Rev. St. § 5234, as follows:

When the "liability" of stockholders of national banks to creditors, under section 5151, has been reduced to judgment, all questions as to the power of a court of competent jurisdiction to compound bad or doubtful judgments (debts) are eliminated, for the reasons: (a) Every judgment is, as a general rule, to be regarded as a new debt, not in any way affected by the old one. Freem. Judgm. (3d Ed.) § 217. (b) And, when the court is called upon to enforce, no inquiry will be made concerning the facts preceding the judgment, to ascertain whether the original demand was one which it would have enforced. Thatcher v. Gammon, 12 Mass. 268; Spencer v. Brockway, 1 Ohio, 259; State of Indiana v. Helmer, 21 Iowa, 370; Healy v. Root, 11 Pick. 390; Holmes v. Guion, 44 Mo. 164. (c) The rendition and entry of a judgment or decree establishes in a most conclusive manner and reduces to the most authentic form that which had hitherto been unsettled, and which had probably depended upon destructible and uncertain evidence. Freem. Judgm. (3d Ed.) § 215. (d) A judgment in the courts of the United States or any of the

states being a debt of record, and entitled to full faith and credit, is a merger of the cause of action in every part of the United States, in the same manner as in the state where it was rendered. Ault v. Zehering, 38 Ind. 429; Barnes v. Gibbs, 31 N. J. Law, 317; U. S. v. Dewey, 6 Biss. 501, Fed. Cas. No. 14,956. We maintain, therefore, that even if there is a doubt as to the power, under section 5234, Rev. St., to compound the "liability" of stockholders of a national bank to creditors, under section 5151, all doubt is removed after that liability is merged into a judgment; that the judgment then becomes the debt to be paid by the defendant, and the claim of receiver against the debtor is simply the judgment, without any regard to what was the cause of action upon which the judgment was taken. It is therefore a debt, within the meaning of section 5234, which can only be compounded, if bad or doubtful, by a court of record of competent jurisdiction. We know of no other power to authorize a compromise, and, if no compounding of these bad or doubtful judgments (debts) can be had, it will cause great loss to the creditors of these insolvent national banks; for if the power to compound does not lie in a court of record of competent jurisdiction, neither does the power to sell, and, being uncollectible, they become absolutely worthless.

DALLAS, Circuit Judge. After full consideration of the petition for an order authorizing the receiver to compound certain judgments obtained upon assessments on stock, and of the foregoing brief submitted in support of that petition, I am of opinion that the judgments referred to are not "bad or doubtful debts," within the meaning of section 5234 of the Revised Statutes; and, therefore, without intimating any opinion with respect to the power or duty either of the comptroller or of the receiver in the premises, the said petition must be, and it is, dismissed.